E-FILED
Tuesday, 25 June, 2013 01:44:59 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

STEPHEN B. WAINWRIGHT,

Petitioner,

v.

ERIC D. WILSON,

Respondent.

Case No. 12-cv-1488

## O R D E R & O P I N I O N

This matter is before the Court on Petitioner's Motion for Reconsideration (Doc. 10) of the Court's January 3, 2013 Order transferring this case to the District Court for the Eastern District of Virginia (Doc. 9). Petitioner also filed a Motion to Expedite the Court's ruling on his Motion for Reconsideration. (Doc. 11). For the reasons stated below, the Motion for Reconsideration is denied, and the Motion to Expedite is denied as moot.

On January 3, 2013, the Court transferred Petitioner's nominal § 2254 to the Eastern District of Virginia, as that is the district court having territorial jurisdiction over Petitioner's custodian, citing to *Rumsfeld v. Padilla*, 542 U.S. 426, 442-45 (2004). (Doc. 9). It did so following its December 4, 2012 initial review of the petition (Doc. 4), having belatedly realized that it did not have the power over Petitioner's custodian that would enable it to grant the relief he sought. As the Court explained in that initial review, though, Petitioner's filing presented a conundrum:

> Petitioner is currently being held in federal custody in Virginia, but…he is challenging an Illinois state-court conviction that he says was used to enhance his federal sentence. Petitioner's challenge thus presents a problem of classification: 28 U.S.C. § 2241 is available to either state or federal prisoners in different situations but may only be used in the district of current confinement, § 2254 is available for prisoners to challenge their state-court convictions and sentences, and § 2255 is available for federal prisoners to challenge their federal convictions and sentences. Because Petitioner captions his filing as a § 2254 Petition, and because § 2254(a) provides that the Court may hear a § 2254 Petition from "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," the Court will treat his Petition as arising under § 2254. Here, since Petitioner claims that his federal sentence was enhanced by his state conviction, in a way his custody results, at least in part, "pursuant to the judgment of a State court."

(Doc. 4 at 2).

It is this tension between the sections which has caused the current confusion. Petitioner is correct that the *Padilla* decision ostensibly addressed only petitions pursuant to § 2241, and that a § 2254 petitioner may challenge his state conviction in either the district of confinement or the district of conviction. Since Petitioner is not in custody within Illinois, no District Court within Illinois would have *territorial jurisdiction* over his custodian, even if § 2254 does provide that either the district of confinement or the district of conviction are appropriate sites for a § 2254 petition. Such territorial jurisdiction is required, as *Padilla* explains, for a court to be able to grant the relief Petitioner seeks. Ordinarily, this is not a concern for § 2254 petitioners, as they are typically in custody on the challenged conviction *in the state of conviction*; any District Court that is available under § 2254 would necessarily have territorial jurisdiction over the petitioner's custodian. Petitioner is an unusual type of § 2254 petitioner, though, in that he is not within

the territorial jurisdiction of the District Court for the district in which he was convicted, and so this location is unavailable to him.[1] Only the District Court for the district of Petitioner's current confinement will have territorial jurisdiction over his custodian, and therefore the power to grant him relief.

IT IS THEREFORE ORDERED that Petitioner's Motion for Reconsideration (Doc. 10) is DENIED, and the Motion to Expedite (Doc. 11) is DENIED AS MOOT. CASE TERMINATED.

Entered this 24th day of June, 2013.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[1] In the unpublished decision of *Kerr v. Hedrick*, the Sixth Circuit addressed a similar situation: a petitioner who was in federal custody in Missouri attempted to challenge, in the Eastern District of Michigan, an old Michigan state court conviction that had been used to enhance his current federal sentence. 89 Fed.Appx. 962, 963 (6th Cir. 2004). The Circuit Court explained that

> To the extent that Kerr sought to challenge his 1989 state court conviction, his petition was meritless because he is no longer in custody as a result of that conviction. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Kerr cannot challenge that conviction directly, nor may he attack the prior conviction because it was used to enhance his current sentence. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). Finally, neither of the exceptions to the rule described in *Lackawanna* applies. *See id.* at 404-06. Kerr had counsel when he pleaded guilty, and the Michigan court system provides a forum for defendants to challenge their convictions.
>
> The district court also properly held that, to the extent Kerr sought relief under § 2241, the court lacked territorial jurisdiction. A federal court may not grant a habeas writ if the prisoner's custodian is outside the court's jurisdiction. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499-500 (1973).

*Id.* at 963. Thus it appears that this Court perhaps could simply have dismissed the § 2254 Petition. As the case has been transferred, though, the Court will leave its further handling to its fellow District Court for the Eastern District of Virginia.